■ EVELYN LERNER et al., Respondents, v KARAGEORGIS LINES, INC., Appellant. — Order, Supreme Court, New York County (Alfred Ascione, J.), entered February 23, 1984, which, *inter alia,* denied defendant's motion for summary judgment, is modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the complaint on the ground of a contractual Statute of Limitations, and otherwise affirmed, without costs.

The plaintiffs are Evelyn Lerner (Mrs. Lerner) and Jack Newton Lerner (Mr. Lerner). On November 11, 1982, the plaintiffs commenced the instant action against defendant, alleging that Mrs. Lerner suffered personal injuries when the Greek-registered cruise ship, on which she was a passenger with Mr. Lerner, ran aground in the waters around Greece on August 7, 1981, allegedly due to defendant's negligence. In their action, the plaintiffs are seeking money damages for the personal injuries sustained by Mrs. Lerner, the loss of consortium and medical expenses and for a refund of the $6,000 passenger money.

The defendant served and filed an answer, which contained, *inter alia,* the affirmative defense that plaintiffs' action is time barred because there is a one-year Statute of Limitations in which to commence suit for any injury that is recited in clause 13 of the passenger ticket contract. Mr. Lerner is an attorney practicing law in New York County and he has had access to this passenger ticket contract before, during and at all times after the subject voyage. In fact, in a deposition, Mr. Lerner admitted that he probably first gained access to this ticket contract approximately four months before Mrs. Lerner had her accident. After issue was joined and discovery was undertaken, the defendant moved for summary judgment, dismissing the complaint on the basis, *inter alia,* that the plaintiffs were time barred from bringing this action since it was begun some 15 months after the date of the occurrence. Special Term denied defendant's motion. We disagree.

The United States Congress has specifically authorized a one-year Statute of Limitations in passenger ship contracts for the instituting of actions on bodily injury claims by ship passengers (46 USC § 183b [a]). The Federal courts have held that this statute should be "construed" in the shipowner's favor (*Scheibel v Agwilines, Inc.*, 156 F2d 636, 638 [2d Cir 1946]). This State's Court of Appeals, in *Alvez v American Export Lines* (46 NY2d 634, 638 [1979], *affd* 446 US 274 [1980]), has held "that it is the general maritime law that governs the rights and liabilities of the parties".

The plaintiffs argue that the passenger ticket contract is invalid since the type it uses to set forth the Statute of Limitations does not comply with New York State law (CPLR 4544, entitled: "Contracts in small print"). However, this argument is meritless, in view of the fact that the Federal Maritime Law has preempted the field of time limitations for commencing actions for personal injuries under passenger ticket contracts. Therefore, since the record shows plaintiffs did not begin their actions until 15 months after Mrs. Lerner's injury, we find that Special Term erred when it did not grant defendant's motion for summary judgment. Concur — Murphy, P. J., Ross and Carro, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm the determination at Special Term which denied defendant's motion for summary judgment.

While I would agree with Special Term that the New York State law, CPLR 4544, entitled "Contracts in small print", should apply, it is unnecessary to reach this point.

The New York law requires eight-point type. It cannot be gainsaid that the type on the passenger ticket is four-point type. The Federal statute, 46 USC § 183b (a), which allows a passenger agreement to have a short Statute of Limitations, does not interfere with the general law that any contract should be readable. Four-point type requires a magnifying glass. Therefore, applying Federal law or State law, the type is too small for the provision to be enforceable.

Appropriate here is the following Second Circuit language: "Judge MacMahon appropriately characterized the 'notice' to the passengers in his pithy conclusion as 'camouflaged in Lilliputian print in a thicket of "Conditions of Contract" * * * Indeed the exculpatory statements on which defendant relies are virtually invisible. They are ineffectively positioned, diminutively sized, and unemphasized by bold face type, contrasting color, or anything else. The simple truth is that they are so artfully camouflaged that their presence is concealed.'" (*Lisi v Alitalia-Linee Aeree Italiane*, 370 F2d 508, 514, *affd* 390 US 455.)

Accordingly, there should be affirmance.